[Civ. No. 20340.   Second Dist., Div. Three.   Mar. 15, 1955.]

PATRICIA FINERTY, a Minor, etc., et al., Appellants, v. DENNIS WILLIAM PERRIN, Respondent.

Carter, Young, Zetterberg & Henrie and Stephen I. Zetterberg for Appellants.

Nichols, Cooper, Hickson & Lamb, Donald P. Nichols and Robert Firth for Respondent.

WOOD (Parker), J.—Judgment was for defendant in a nonjury trial for damages for personal injuries resulting from an automobile collision.

In November, 1952, about 6 p. m., plaintiff Patricia Finerty, 14 years of age, was riding as a guest in a Hudson automobile that was being driven by Charles Coons, 17 years of age, in a northerly direction on Reservoir Street in Pomona. Defendant was driving a Ford automobile in a southerly direction on that street. The main traveled portion of that street is paved and is about 16 feet wide. On each side of that portion there is a 7-foot shoulder. County Road, which is a paved street that extends east and west and is about the same width as Reservoir, intersects Reservoir Street. The collision occurred at that intersection while defendant was making a left turn onto County Road. There was no signal, stop sign, or artificial light at the intersection. It was an "open country intersection." The lights on the automobiles were lighted.

The court found that the sole proximate cause of the accident was the negligence of Coons.

■ Appellant contends that the evidence was insufficient to support that finding.

Coons testified that when he was about 150 feet from the intersection he was driving about 55 miles an hour, and he took his foot off the accelerator to slow down for a car on County Road that had stopped at the west entrance of the intersection. He did not remember whether, at that time, he saw any car on Reservoir coming toward him. Just before the impact he saw "something shiny," chrome, or something. He did not remember anything about the collision except that he got out of his car and saw that Patricia's nose and face had been injured.

A police officer, called as a witness by plaintiffs, testified that he arrived at the scene a few minutes after the accident occurred. There was debris on the north side of County Road approximately on the line of the shoulder and the paved portion. The point of impact was about "ten feet west of the east shoulder of Reservoir." When he arrived there the front end of the Hudson (Coon's car) was 24 feet north of the north line of County Road and the right front wheel was about 3 feet east of the paved portion of Reservoir. The Ford was about 33 feet north of the north line of County

Road. The front of the Hudson and the right front of the Ford were damaged.

Defendant testified that he first saw Coon's car when he (defendant) was about 20 feet from the intersection (north) and traveling about 10 miles an hour. At that time Coon's car was about 300 feet from the intersection (south), and defendant estimated its speed at approximately 45 miles an hour. Defendant waited until a car going east on County Road came to a stop at the west entrance of the intersection and then he proceeded to make a left turn. When he had completed about one-half the left turn he noticed that Coon's car, which was about 150 feet from the intersection, was traveling from 70 to 80 miles an hour. Defendant put his foot ''on the gas,'' and tried to complete the turn.

Mr. Brennan, called as a witness by defendant, testified that he was driving an automobile east on County Road and when he was about 75 feet from the intersection of County Road and Reservoir Street he saw the Hudson automobile on Reservoir, about 275 feet south of County Road, traveling about 65 miles an hour. At that time he saw the Ford, which was about 40 feet from the intersection, traveling 15 to 20 miles an hour. When the Ford was in the intersection the Hudson was about 200 feet from the intersection. The Ford entered the intersection slowly and turned left in the center of the intersection. The speed of the Hudson did not change before the impact occurred. When the impact occurred, Mr. Brennan (witness) was coming to a stop and was about 50 feet from the intersection. The Ford was knocked back several feet.

Mrs. Brennan testified in substance the same as Mr. Brennan testified.

The police officer also testified that defendant told him that he saw the Hudson a block or more away, and that as defendant started his turn he noticed that the Hudson was ''on top of him,'' and he (defendant) tried to cut back but was unable to do so. Defendant denied that he told the officer that he tried to cut back away from the Hudson. He testified that he did not try to cut back to the west side of Reservoir.

Appellant argues to the effect that defendant was negligent in that he was making the left turn before arriving at the intersection (outside the intersection); that defendant was negligent in that he failed to yield the right of way to

Coons; and that defendant was careless in judging the speed of Coon's car.

There is no merit to the appeal. Appellant's argument relates to the weight of the evidence. Defendant was not negligent as a matter of law. The questions as to negligence and contributory negligence were questions of fact for the trial court. The evidence amply supports the findings.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied April 11, 1955, and appellants' petition for a hearing by the Supreme Court was denied May 11, 1955.